The People of Puerto Rico, Plaintiff and Appellee, *v.* Ramos Hermanos, Inc., Etc., Defendant and Appellant.

No. 7746. Argued July 24, 1939.—Decided November 24, 1939.

*V. M. Sánchez Fernández* and *Dubón & Ochoteco,* for appellant. *R. A. Gómez, Prosecuting Attorney,* for The People, appellee.

Mr. Justice Wolf delivered the opinion of the Court.

In the Municipal Court of Bayamón, on July 6, 1938, Tulio D. Rivera, Inspector of Weights and Measures, presented a complaint against Ramos Hermanos, Inc., for having exhibited and offered for sale a number of loaves of bread which were under weight.

The case was apparently appealed to the District Court of Bayamón. On the 21st of March 1939, the case was called for trial. The defendant pleaded not guilty. The trial pro-

ceeded and then a motion for nonsuit was argued by the parties. The court reserved its decision. On the 23rd of March 1939, the court rendered judgment.

The first assignment of error is as follows:

"The District Court of Bayamón, Puerto Rico, rendered judgment against the defendant-appellant without jurisdiction in the premises and in violation of the provisions of subdivision 4 of Section 29 of the Code of Criminal Procedure of Puerto Rico, inasmuch as said judgment was rendered after more than twenty-four hours had elapsed from the submission of the case for final decision."

Section 29 of the Code of Criminal Procedure sets forth:

"After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:
"First. . . . . . . .
"Second. . . . . . . .
"Third. . . . . . . .
"Fourth. The justice of the peace shall then consider the evidence, and within twenty-four hours thereafter render his decision. The trial must be had and the decision rendered in the presence of the defendant; *Provided*, That the defendant may be excused from this requisite in those offenses which, by their nature do not imply mental perversity or moral depravity (*mala prohibita*) in said accused, when he is represented by counsel and the latter is present on both occasions. When the decision is in favor of the defendant, by acquitting him of the charge, he shall be at once released. Should the decision be that the defendant is guilty, said defendant may appeal to the district court within three days.

"Fifth. The justice of the peace shall, within five days, transmit the record to the district court, which court, within ten days after its receipt, shall set the day for the trial of the case, and shall issue summons for the prosecuting attorney and for the defendant. New evidence may be introduced at the trial, and such evidence as may have been refused or admitted by the justice of the peace may be reproduced. The court shall definitely decide as to the admission of such evidence, and shall consider it and hear the parties to the case, and within two days thereafter shall render final decision, either convicting or acquitting the defendant, ordering the release of the defendant in case of acquittal."

The appellant maintains that the defendant is entitled to its liberty under subdivision 4 of the foregoing Section; that the lower court was without jurisdiction by the terms of the statute and the reasoning of this Court in *People* v. *Acosta*, 40 P.R.R. 451. It is evident that the appellant and the *Fiscal* are mistaken. This was a procedure not under subdivision 4, but under subdivision 5 of Section 29. Under that Section the judge is given two days within which to render his judgment, and with this precept Judge Ponsa Parés complied. The case was tried March 21, 1939, and the judgment rendered on March 23.

Not only this is true, but by coincidence a similar state of facts existed in the case of *People* v. *Cardona*, 36 P.R.R. 556, and we drew attention to the fact that both the appellant and the *Fiscal* had made the mistake of attempting to apply subdivision 4 of Section 29 instead of subdivision 5. The first assignment of error cannot prevail.

■ The appellant, however, alleges other assignments of error relating to the evidence. It discusses the second, third, and fourth assignments together. In substance, they bring out these facts: That an alleged vendor was carrying some loaves of bread which had on them the stamp of Ramos Hermanos, Inc., but there was no evidence tending to show that the vendor was an agent of Ramos Hermanos or that in fact the bread proceeded from the shop of Ramos Hermanos. The vendor testified that he sometimes bought of one person and of another, including Ramos Hermanos. Under these circumstances we feel that the charge was not proved. At the hearing the *Fiscal*, as we understood him, agreed.

The fifth assignment of error merits no consideration.

The judgment must be reversed and the defendant discharged.

Mr. Justice Travieso took no part in the decision of this case.